UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:19-CV-21444

JORGE DEL RIO,

    Plaintiff,

v.

FLORIDA HIGHWAY PATROL and
UNKNOWN POLICE OFFICERS

    Defendants.

## COMPLAINT

Plaintiff JORGE DEL RIO, by and through undersigned counsel, files his Complaint against Defendant FLORIDA HIGHWAY PATROL and states as follows:

## GENERAL ALLEGATIONS

1. This is an action for injunctive relief and damages and stemming from Florida Highway Patrol's unconstitutional policy to seize motor vehicles without a warrant.

2. Jurisdiction is proper under 42 U.S.C. §1983.

3. Plaintiff is a resident of Dade County.

4. Defendant is a Florida state agency whose principal place of business is in Leon County.

5. Venue is proper in this forum because Plaintiff's constitutional rights were violated in Dade County.

## General Allegations

6. The subject vehicle was a 2012 Mercedes CLS 550, VIN WDDLJ7DB3CA008936.

7. Plaintiff came into possession of the subject vehicle as payment for services rendered to a client.

1

8. Upon receiving the vehicle, Plaintiff was unable to register or title the vehicle in his name because Defendant Florida Highway Patrol and/or unknown state troopers placed an "administrative stop" on the vehicle. [Exhibit 2]

9. Defendant Florida Highway Patrol claimed the vehicle was "evidence of a crime."

10. As a result, Plaintiff was unable to either sell his vehicle or to lawfully drive the vehicle on any public road.

11. The "administrative stop" interfered with Plaintiff's possessory interests in the vehicle and was in duration for nearly two years (August 27, 2016-August 14, 2018).[1]

12. At no time did a seizure warrant issue as to the subject vehicle.

13. At no time did an indictment issue as to the subject vehicle.

14. At no time were forfeiture proceedings initiated against the subject vehicle.

15. At no time did a neutral and detached magistrate make a determination that probable cause of a crime existed to interfere with Mr. Del Rio's possessory interests in the vehicle.

16. Whatever the reason for FHP's "administrative stop," Plaintiff was not provided any semblance of due process to address the deprivation of his property or to allow him to redeem or otherwise contest the seizure in any meaningful fashion.

17. Upon information and belief, FHP has a policy where state troopers are permitted and/or encouraged to place "administrative stops" on motor vehicles in violation of the clearly established right to be free from seizures absent a warrant or warrant exception.

18. The FHP and unknown troopers' actions in placing an "administrative stop" violate the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

---

[1] The vehicle was ultimately released by FHP after suit was filed in Dade County, Case No. 2018-13531-CA-01. The state action was voluntarily dismissed without prejudice and did not raise a claim for relief pursuant to 42 U.S.C. §1983.

19.     The FHP's actions in placing an "administrative stop" violate Sections 2,4, and 12 of the Florida Constitution.

### **COUNT I – 42 U.S.C. §1983**

Plaintiff adopts the allegations contained in paragraphs 1 through 19 above and further states:

20.     Plaintiff had a possessory interest in the vehicle.

21.     Defendants tortuously interfered with Plaintiff's possessory interest in the vehicle by placing a lien on the vehicle.

22.     Defendants did not have a warrant.

23.     Defendants did not rely on a warrant exception.

24.     As a direct and proximate result of the conduct of FHP and unknown troopers, Plaintiff Del Rio was damaged in that he was unable to utilize or sell his motor vehicle.

WHEREFORE, Plaintiff prays for Judgment as follows:

    A.     That this Court award Plaintiff damages, including for loss of use and depreciation.

    B.     That this Court enters a Declaratory Judgment that FHP has violated the 4th amendment of the United States Constitution by seizing Plaintiff's property without warrant.

    C.     That this Court enters a Declaratory Judgment that FHP has violated Sections 2, 9, and 12 of the Florida Constitution.

    D.     That this Court enters a Declaratory Judgment that FHP has violated the 14th Amendment of the United States Constitution by failing to provide Plaintiff with hearing and notice prior to seizing Plaintiff's property interest.

E.	That this Court enter injunctive relief prohibiting Defendants from placing administrative liens on motor vehicles without warrant.

F.	That the Court award Plaintiff attorney fees and costs.

G.	That this Court grants such other and further relief as this Court deems equitable and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a matter of right.

BY: s/Sebastian Ohanian
Sebastian Ohanian, Esq.
Sebastian@OhanianLegal.com
Cal. Bar: 271403
Fla. Bar: 98046
Attorney for Plaintiff
The Law Office Sebastian Ohanian, LLC
267 Minorca Ave., Ste. 100
Coral Gables, FL 33134
Tel:	786.369.5447
Fax:	786.369.0915